**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SITTON TANK COMPANY, Respondent.**

No. 72–1065.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Oct. 16, 1972.

Herbert S. Dawidoff, Atty., N. L. R. B., St. Louis, Mo., Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Joseph H. Solien, Regional Director, Gerard P. Fleischut, Regional Atty., N. L. R. B., for petitioner.

Donald J. Meyer, Clayton, Mo., for respondent.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM.

Sitton Tank Co. resists enforcement of an NLRB order to cease and desist from unlawfully interrogating employees, promising employees benefits, threatening the discontinuance of present benefits and discouraging union membership by discharging pro-union employees. The NLRB further ordered Sitton to bargain with the Union and to make whole four employees unlawfully discharged.

Sitton rested its case before the Trial Examiner without offering any evidence and defended on the basis that (1) the General Counsel had not made a prima facie case and (2) that the Union had never made a proper demand for recognition by demonstrating majority representation in an appropriate unit.

* Eastern District of Michigan, sitting by designation.

**1372**

Sitton now asserts that there is not substantial evidence in the record as a whole supporting the Board's findings and that a bargaining order is not appropriate for the reason the company's conduct, if unlawful, did not tend to undermine the union's majority and make a fair election unlikely.

A thorough review of the record convinces us there is substantial evidence to support the Board's findings of §§ 8 (a)(1) and (3) violations of the National Labor Relations Act.

We also find that the Board's bargaining order was appropriate. See NLRB v. Gissel Packing Company, 395 U.S. 575, 614, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969) and Arbie Mineral Feed Company v. NLRB, 438 F.2d 940, 944–945 (CA8 1971). The surest method of undermining a union's majority or impeding an election process is to discharge all the pro-union employees, as Sitton did here.

Enforced. See Rule 14.